IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-178-D
No. 5:16-CV-259-D

| | |
|---|---|
| WESLEY LEON BETHEA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DETECTIVE DAVID CHAD ELLIS, )<br>et al., )<br>)<br>Defendants. ) | **ORDER** |

On March 16, 2016, in Wilson County Superior Court, Wesley Leon Bethea ("Bethea" or "plaintiff") sued the City of Wilson, the Wilson Police Department, and nine of its officers. See [D.E. 3-1] 71–76. On April 15, 2016, defendants removed the action to this court [D.E. 3]. On April 4, 2016, in the United States District Court for the Middle District of North Carolina, Bethea filed a complaint against the City of Wilson, the Wilson Police Department, and two officers, which that court transferred to this district on May 16, 2016. See Compl. & Order, Bethea v. Ellis, No. 5:16-CV-259-D, [D.E. 2, 6] (E.D.N.C.); 28 U.S.C. § 1406(a).

On September 16, 2016, the court consolidated the two cases and directed Bethea to file a single amended complaint [D.E. 32]. On October 4, 2016, Bethea filed his amended complaint [D.E. 33]. On October 19, 2016, all defendants moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(2), (5), and (6) [D.E. 36]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Bethea about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 38]. On November 7, 2016, Bethea responded in opposition to the motion [D.E. 42]. Bethea has also filed several discovery-

related motions, including for a protective order [D.E. 44, 45] and to compel [D.E. 51].[1] The parties have also filed cross-motions for summary judgment [D.E. 43, 57], and Bethea seeks an extension of time to respond to defendants' motion for summary judgment and for an "exemption from Local Civil Rule 56.1." [D.E. 65]. As explained below, the court grants in part and denies in part plaintiff's motions, and grants in part defendants' motion to dismiss. The motions for summary judgment remain pending.

I.

Bethea's complaint concerns a criminal prosecution against him in Wilson County Superior Court. See Am. Compl. [D.E. 33] 8. On August 5, 2010, defendant Ellis, a detective with the Wilson Police Department ("WPD"), presented a search warrant to a magistrate for Bethea's residence. See Am. Compl. [D.E. 33] 8; Pl.'s Mot. Summ. J., Ex. D [D.E. 43-4] 4–5 (copy of search warrant). Ellis submitted an affidavit in support of the search warrant, stating that he had used a confidential informant to conduct "several controlled purchases of cocaine . . . from [Bethea's] residence." Pl.'s Mot. Summ. J., Ex. D [D.E. 43-4] 4. Ellis also stated that Bethea's "reputation is poor in that he is reported to violate the criminal law of our state, particularly by selling controlled substances," noted previous criminal charges from 2008, 2004, and 1989, and stated that Bethea was "convicted of several felonies including breaking and entering and second degree burglary in the 1990's and served several years in prison as a result of those convictions." Id. 4–5. The magistrate signed the search warrant. Id.

---

[1] On December 19, 2016, Bethea moved for an extension of time of ninety days in which to complete discovery [D.E. 52]. On January 20, 2017, the court granted defendants' motion to extend time and extended the discovery deadline until March 16, 2017. See Order [D.E. 54]. Thus, the court denies Bethea's motion as moot.

2

On August 5, 2010, Ellis executed the search warrant on Bethea's home with defendants Corprew, Emory, Branch, Ruiz, Stancil, Seagroves, Winstead, Stroud, "and other various members of the Wilson Police Department." Am. Compl. [D.E. 33] 8. On February 7, 2011, a grand jury indicted Bethea for trafficking in cocaine by possession in violation of N.C. Gen. Stat. § 90-95(h) based on evidence seized from Bethea's home during the search. See Am. Compl. [D.E. 33] 8; Pl.'s Mot. Summ. J., Ex. A [D.E. 43-1] 2 (copy of indictment indicating offense date of August 5, 2010).

At trial, Bethea moved to suppress the evidence on the ground that Ellis's affidavit in support of the search warrant contained false information. See Pl.'s Mot. Summ. J., Ex. D [D.E. 43-4] 2 (copy of state court order). The trial court held a hearing and agreed with Bethea that certain statements in Ellis's affidavit were false, but concluded that the false statements "were not included in the affidavit intentionally and knowingly, in bad faith, or with reckless disregard for the truth," and "were not necessary to the finding of probable cause for the issuance of the search warrant." Id. at 3. Thus, the trial court denied the motion to suppress. Id. Bethea "asserts that the entire warrant is a lie and not just the 3 crucial points that the criminal court determined were lies." Pl.'s Resp. Opp'n Mot. Dismiss [D.E. 42] 5. On March 5, 2013, after deliberating for "less than an hour," the jury found Bethea not guilty of the indictment. Id.; see Pl.'s Mot. Summ. J., Ex. A [D.E. 43-1] 3 (copy of verdict).

Bethea notes that he encountered Ellis and Corprew in 2008. See Pl.'s Resp. Opp'n Mot. Dismiss [D.E. 42] 8, 10. "In August 2008 Plaintiff was stopped by David Chad Ellis and Det. Corprew for a traffic violation. Plaintiff was taken to the local police station where he was subsequently strip searched[]" under protest. Id. at 8. The charges against Bethea arising out of the incident were dismissed. Id.; see Pl.'s Mot. Summ. J., Ex. F [D.E. 43-6] 2 (criminal information screen). Bethea "filed a formal complaint" which defendant Branch investigated "and found in favor

3

of the officers." Pl.'s Resp. Opp'n Mot. Dismiss [D.E. 42] 8–9. Bethea asserts he "still had a year in which to file charges at the time of his arrest for trafficking in cocaine." Id. at 9. Bethea also contends that Ellis did not comply with WPD policy requiring certain documentation for confidential informants. See id. at 4–5; see also Pl.'s Mot. Summ. J., Ex. B [D.E. 43-2] (copy of WPD policy on handling confidential sources of information); cf. Defts.' App'x, Ex. J [D.E. 46-2] 225–231 (redacted confidential informant documentation).

Bethea names as defendants the City of Wilson and its mayor (Rose), the WPD, its chief (Hopkins), and nine of its officers. Am. Compl. at 2–6. Bethea seeks monetary damages. Id. at 8–10.

II.

Bethea "vehemently objects to Defendants' scope of Discovery in Defendants' proposed discovery plan" and "proposes that Defendants' scope of discovery be limited to any new evidence not presented at Plaintiffs criminal trial/case," [D.E. 45] 1, and seeks "to exclude all testimony along the same narrative as given by David Chad Ellis in the Defendants Motion to Dismiss and Plaintiff's criminal trial." [D.E. 44] 1. Bethea also seeks discovery concerning the identity of the confidential informant [D.E. 51], although he has never served defendants with any formal discovery. See Defts.' Resp. Opp'n [D.E. 53] 4.

Bethea's discovery motions fail to comply with Local Civil Rule 7.1(c)(2), which provides:

> No discovery motion will be considered by the court unless the motion sets forth or has attached thereto, by item, the specific question, interrogatory, etc., with respect to which the motion is filed, and any objection made along with the grounds supporting or in opposition to the objection. Counsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions.

See also Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in

4

good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). "When a party fails to comply with Local Civil Rule 7.1, a court may deny its motion." Higgins v. Spence & Spence, PA, No. 5:07-CV-33-D(1), 2009 WL 536069, at *2 (E.D.N.C. Mar. 3, 2009) (unpublished) (collecting cases); see Laschkewitsch v. Legal & Gen. Am., Inc., d/b/a Banner Life Ins. Co., No. 5:15-CV-251-D, 2017 WL 1012996, at *2 (E.D.N.C. Mar. 14, 2017) (unpublished). Thus, the court denies Bethea's discovery motions for failure to comply with Local Civil Rule 7.1.

Alternatively, a party cannot compel discovery responses when he has not served opposing counsel with any discovery requests. See Susko v. City of Weirton, No. 5:09-CV-1, 2011 WL 98557, at *2 (N.D. W. Va. Jan. 12, 2011) (unpublished). "Inasmuch as Plaintiff failed to seek timely discovery, he will not be allowed now, under the guise of a motion to compel, to attempt to reopen discovery in order to depose witnesses or discover documents he neglected to pursue during the nearly [nine]-month discovery period." Channing v. Equifax, Inc., No. 5:11-CV-00293-FL, 2012 WL 1204900, at *2 (E.D.N.C. Apr. 11, 2012) (unpublished). Therefore, the court denies Bethea's discovery motions.

III.

A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. A court also

"need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips, 572 F.3d at 180. Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Bethea names WPD as a defendant. See Am. Compl. at 2. WPD asserts that it is not a legal entity capable of being sued and, in any event, has not been properly served. Mem. Supp. Defts.' Mot. Dismiss [D.E. 37] 9–11. The court agrees that police departments in North Carolina do not have the legal capacity to be sued; therefore, the court dismisses the WPD as a defendant. See, e.g., Owens v. Balt. City State's Attorneys Office, 767 F.3d 379, 393 (4th Cir. 2014); Cooper v. Brunswick Cty. Sheriff's Dep't, No. 7:10-CV-14-D, 2011 WL 738610, at *4 n.2 (E.D.N.C. Feb. 7, 2011) (unpublished) (collecting cases), R&R adopted, 2011 WL 736670 (E.D.N.C. Feb. 23, 2011) (unpublished); Hill v. Robeson Cty., N.C., 733 F. Supp. 2d 676, 690 (E.D.N.C. 2010). Next, the court addresses Bethea's claims against the City of Wilson, Wilson Mayor Bruce Rose, and WPD Chief Thomas P. Hopkins. The doctrine of respondeat superior generally does not apply to a section 1983 action. See, e.g., Iqbal, 556 U.S. at 676–77; Monell, 436 U.S. at 694; Carter v. Morris, 164 F.3d 215, 218, 220–21 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994).

6

Alleging that a county or municipal employee committed a constitutional violation is necessary, but not sufficient, to state a claim against a county or municipality. A county or municipality may be found liable under 42 U.S.C. § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. at 694; see Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003). Therefore, a county or municipality may not be found liable under section 1983 based on a theory of respondeat superior or simply for employing a tortfeasor. See, e.g., Connick v. Thompson, 563 U.S. 51, 60–64 (2011); Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403–04 (1997).

Bethea has failed to allege that any policy or custom of any defendant is responsible for the acts of which he complains. Thus, the court dismisses Bethea's claims against the City of Wilson, Wilson Mayor Bruce Rose, and WPD Chief Thomas P. Hopkins. In light of the dismissal, the court declines to address defendants Rose and Tompkins's argument that Bethea's claims against them "ought not relate back to the initial Complaint" under Federal Rule of Civil Procedure 15(c). Mem. Supp. Defts.' Mot. Dismiss [D.E. 37]18; cf. Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 541 (2010); Sanders-Burns v. City of Plano, 594 F.3d 366, 374–75 (5th Cir. 2010) (collecting cases).

Next, the court addresses Bethea's claims against defendants Emory, Branch, Ruiz, Stancil, Seagroves, Winstead, and Stroud. Bethea alleges at most that these defendants assisted Ellis and Corprew in executing a facially valid search warrant. Thus, Bethea's allegations fail to state a claim against these defendants. See, e.g., Bloom v. Alvereze, 498 F. App'x 867, 882 (11th Cir. 2012) (unpublished); Marcilis v. Twp. of Redford, 693 F.3d 589, 596 (6th Cir. 2012); Jenkins v. Wood, 81 F.3d 988, 995 (10th Cir. 1996); Diaz v. Devlin, No. 16-40039-TSH, 2017 WL 111300, at *4 (D. Mass. Jan. 10, 2017); Sinclair v. City of Grandview, 973 F. Supp. 2d 1234, 1248 (E.D. Wash. 2013).

7

As for defendants Ellis and Corprew, the court has considered the motion to dismiss under the governing standard. The court declines to dismiss Bethea's claims against these defendants. The record also does not provide sufficient information to determine the issue of qualified immunity at this time. Therefore, the court denies the motion.

IV.

Finally, the court addresses Bethea's motion for an extension of time to respond to defendants' motion for summary judgment. Bethea contends that "[d]efense has presented an overwhelming burdensome answer for their motion for summary judgment . . . . that is bent on retrying the entire criminal case that they lost . . . . [and] has taken advantage of the plaintiff's pro se position." [D.E. 65] 1. Bethea asserts that he "can no longer respond adequately to Defendants' motions because of monetary reasons and diminished mental capacity." Id. at 3. Bethea seeks an "exemption and/or modification from Local Civil Rule 56.1 and/or 60 day time extension" to respond to the motion for summary judgment. Id. at 4.

The court recognizes that Bethea's proceeds pro se. Nevertheless, "'pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines.'" DeWitt v. Hutchins, 309 F. Supp. 2d 743, 749 (M.D.N.C. 2004) (quoting and citing Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994)). Additionally, whatever Bethea chooses to file in response to defendants' motion for summary judgment, the court cautions him that he may not rest on the allegations of his complaint, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted) (emphasis removed); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The court grants in part Bethea's motion for an extension of time. Bethea shall have until June 28, 2017 to respond in opposition to the motion for summary judgment. In order to assist

8

Bethea in expediting his response, the court allows Bethea to forego mailing paper copies of his response to counsel for the defendants and permits Bethea to mail his response to the court. The court will serve the response on defendants through its electronic filing system. The court cautions Bethea that he must serve paper copies of any other filing by mail and may rely on electronic service only for his response to the motions for summary judgment. Defendants shall have until July 12, 2017, to reply. The court cautions the parties that no further extensions will be allowed.

V.

In sum, the court DENIES plaintiff's motions for a protective order, to reveal the confidential informant, and for an extension of time to complete discovery [D.E. 44, 45, 51, 52]. The court GRANTS IN PART defendants' motion to dismiss [D.E. 36], and DISMISSES plaintiff's claims against all defendants except Ellis and Corprew pursuant to Federal Rule of Civil Procedure 12(b)(6). The parties' motions for summary judgment remain pending, and the court GRANTS IN PART plaintiff's motion for an extension of time and for exemption from Local Civil Rule 56.1 [D.E. 65]. Bethea shall have until June 28, 2017, to file his response in opposition.

SO ORDERED. This 7 day of June 2017.

JAMES C. DEVER III
Chief United States District Judge