IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-178-D
No. 5:16-CV-259-D

| | |
|---|---|
| WESLEY LEON BETHEA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DETECTIVE DAVID CHAD ELLIS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

On March 16, 2016, in Wilson County Superior Court, Wesley Leon Bethea ("Bethea" or "plaintiff") sued the City of Wilson, the Wilson Police Department, and nine of its officers. See [D.E. 3-1] 71–76. On April 15, 2016, defendants removed the action to this court [D.E. 3]. On April 4, 2016, in the United States District Court for the Middle District of North Carolina, Bethea filed a complaint against the City of Wilson, the Wilson Police Department, and two officers, which that court transferred to this district on May 16, 2016. See Compl. & Order, Bethea v. Ellis, No. 5:16-CV-259-D, [D.E. 2, 6] (E.D.N.C.); 28 U.S.C. § 1406(a).

On September 16, 2016, the court consolidated the two cases and directed Bethea to file a single amended complaint [D.E. 32]. On October 4, 2016, Bethea filed his amended complaint [D.E. 33]. On October 19, 2016, all defendants moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(2), (5), and (6) [D.E. 36]. On June 7, 2017, the court granted in part defendants' motion to dismiss, and dismissed plaintiffs' claims against all defendants except Ellis and Corprew [D.E. 66]. The parties have filed cross-motions for summary judgment [D.E. 43, 57].

As explained below, the court grants defendants' motion for summary judgment, and denies plaintiff's motions.[1]

I.

Bethea's complaint concerns a criminal prosecution against him in Wilson County Superior Court. See Am. Compl. [D.E. 33] 8. On August 5, 2010, defendant Ellis, a detective with the Wilson Police Department ("WPD"), presented a search warrant to a magistrate for Bethea's residence. See Am. Compl. [D.E. 33] 8; Pl.'s Mot. Summ. J., Ex. D [D.E. 43-4] 4–5 (copy of search warrant); Defts.' Mot. Summ. J., Ex. C [D.E. 46-2] 201–05 (application for search warrant). Ellis submitted an affidavit in support of the search warrant, stating that he had used a confidential informant to conduct "several controlled purchases of cocaine . . . from [Bethea's] residence." Pl.'s Mot. Summ. J., Ex. D [D.E. 43-4] 4; Defts.' Mot. Summ. J., Ex. C [D.E. 46-2] 203. Ellis also stated that Bethea's "reputation is poor in that he is reported to violate the criminal law of our state, particularly by selling controlled substances," noted previous criminal charges from 2008, 2004, and 1989, and stated that Bethea was "convicted of several felonies including breaking and entering and second degree burglary in the 1990's and served several years in prison as a result of those convictions." Pl.'s Mot. Summ. J., Ex. D [D.E. 43-4] 4–5; Defts.' Mot. Summ. J., Ex. C [D.E. 46-2] 203–04. Defendant Corprew assisted Ellis in making the controlled buys, but did not assist Ellis in writing the affidavit for the search warrant. Defts.' Mot. Summ. J., Ex. B [D.E. 46-2] 55–62. The magistrate signed the search warrant. Pl.'s Mot. Summ. J., Ex. D [D.E. 43-4] 5; Defts.' Mot. Summ. J., Ex. C [D.E. 46-2] 205.

---

[1] Bethea captioned his response in opposition to defendants' motion for summary judgment as a "motion to deny defendants' motion for summary judgment" [D.E. 67] 1, and the clerk filed it as a motion.

2

On August 5, 2010, Ellis, defendant Corprew, "and other various members of the Wilson Police Department" executed the search warrant. Am. Compl. [D.E. 33] 8; see Defts.' Mot. Summ. J., Exs. B [D.E. 46-2] 30–31, 60–64, G [D.E. 46-2] 211. On February 7, 2011, a grand jury indicted Bethea for trafficking in cocaine by possession in violation of N.C. Gen. Stat. § 90-95(h) based on evidence seized from Bethea's home during the search. See Am. Compl. [D.E. 33] 8; Pl.'s Mot. Summ. J., Ex. A [D.E. 43-1] 2 (copy of indictment indicating offense date of August 5, 2010). At trial, Bethea moved to suppress the evidence on the ground that Ellis's affidavit in support of the search warrant contained false information. See Pl.'s Mot. Summ. J., Ex. D [D.E. 43-4] 2 (copy of state court order); Defts.' Mot. Summ. J., Ex. G [D.E. 46-2] 211–14 (copy of motion to suppress). The trial court held a hearing and agreed with Bethea that certain statements in Ellis's affidavit were false, but concluded that the false statements "were not included in the affidavit intentionally and knowingly, in bad faith, or with reckless disregard for the truth," and "were not necessary to the finding of probable cause for the issuance of the search warrant." Pl.'s Mot. Summ. J., Ex. D [D.E. 43-4] 3; see Defts.' Mot. Summ. J., Ex. B [D.E. 46-2] 18–105 (transcript of suppression hearing). Thus, the trial court denied the motion to suppress. Id. On March 5, 2013, the jury found Bethea not guilty of the charges in the indictment. See Pl.'s Mot. Summ. J., Ex. A [D.E. 43-1] 3 (copy of verdict); Defts.' Mot. Summ. J., Ex. A [D.E. 46-2] 2 (same).

Bethea contends that Ellis "had sheer ill will toward Plaintiff[]" based on a 2008 encounter in which he "was stopped for a traffic violation, . . . . taken to the local police station instead of the magistrate as normally done and subsequently strip-searched[]" by Ellis and Corprew under protest. Pl.'s Mot. Summ. J. [D.E. 43] 2; see Pl. Dep. 96, 136. In January 2009, the charges against Bethea arising out of the incident were dismissed. See Pl.'s Mot. Summ. J. 2 & Ex. F [D.E. 43-6] 2 (criminal information screen). Bethea "made a formal complaint of which Sgt. Reginald Branch,

3

one of the Defendants in this civil case, was the investigating officer. He found in favor of [Ellis and Corprew]." Pl.'s Mot. Summ. J. 2. Bethea also contends that Ellis did not comply with WPD policy requiring certain documentation for confidential informants. See id. at 2–3 & Ex. B [D.E. 43-2] (copy of WPD policy on handling confidential sources of information); cf. Defts.' Mot. Summ. J., Ex. J [D.E. 46-2] 225–231 (redacted confidential informant documentation).

## II.

Summary judgment is appropriate when, after reviewing the record as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment initially must demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). "When cross-motions for summary judgment are before a court, the court examines each motion separately, employing the familiar standard under Rule 56 of the Federal Rules of Civil Procedure." Desmond v. PNGI Charles Town Gaming, L.L.C., 630 F.3d 351, 354 (4th Cir. 2011).

4

Bethea's remaining claim is for malicious prosecution. See Am. Compl. 6.

> "Allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued"—e.g., post-indictment or arraignment—are considered a § 1983 malicious prosecution claim. Brooks v. City of Winston-Salem, 85 F.3d 178, 182 (4th Cir. 1996). Such a claim "is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012) (quoting Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000)). To succeed, a plaintiff must show that "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in the plaintiff's favor." Id.

Humbert v. Mayor & City Council of Baltimore City, No. 15-1768, 2017 WL 3366349, at *4 (4th Cir. Aug. 7, 2017) (alterations omitted).

The parties focus on whether Ellis's affidavit contained material false statements that, if excluded, defeated the existence of probable cause. See Mem. Supp. Defts.' Mot. Summ. J. 15–20; Pl.'s Mot. Summ. J. 3–4. In order to succeed on this claim, Bethea must first show "that defendants knowingly and intentionally or with a reckless disregard for the truth either made false statements in their affidavits or omitted facts from those affidavits, thus rendering the affidavits misleading." Evans, 703 F.3d at 650 (quotations omitted); see Franks v. Delaware, 438 U.S. 154, 155–56 (1978); Miller v. Prince George's Cty., 475 U.S. 621, 627 (4th Cir. 2007). Bethea must "make[] a substantial preliminary showing" of intentional or reckless falsehood in the affidavit; "[a]llegations of negligence or innocent mistake are insufficient" to demonstrate a constitutional violation. Franks, 438 U.S. at 155–56, 171. "Second, [Bethea] must demonstrate that those false statements or omissions are material, that is, necessary to a neutral and disinterested magistrate's authorization of the search." Evans, 703 F.3d at 650 (quotations, alteration and citations omitted); see Massey v. Ojaniit, 759 F.3d 343, 357 (4th Cir. 2014).

5

Even viewing the record in the light most favorable to Bethea, no genuine issue of material fact exists concerning whether Ellis made any statement in his affidavit with reckless disregard for the truth, or whether any alleged misstatement was material to the magistrate's determination of probable cause. See, e.g., United States v. Arias, 848 F.3d 504, 511–12 (1st Cir. 2017); United States v. Rivera, 825 F.3d 59, 66–67 (1st Cir.), cert. denied, 137 S. Ct. 522 (2016); Reynolds v. Wright, 647 F. App'x 838, 841–42 (10th Cir. 2016) (unpublished); Smith v. Lanier, 726 F.3d 166, 168–69 (D.C. Cir. 2013); Abreu v. Romero, 466 F. App'x 24, 25–26 (2d Cir. 2012) (unpublished); United States v. Allen, 631 F.3d 164, 172 (4th Cir. 2011); United States v. Kattaria, 553 F.3d 1171, 1176 (8th Cir. 2009); United States v. Brown, 499 F.3d 817, 821 (8th Cir. 2007); Rankines v. Meyrick, No. 14-1842 (RMB/AMD), 2016 WL 545134, at *4 (D.N.J. Feb. 10, 2016) (unpublished); Davis v. Darnell, No. 1:10-CV-95-MP-GRJ, 2011 WL 6887730, at *4 (N.D. Fla. Sept. 29, 2011), report and recommendation adopted, No. 1:10CV95-MP-GRJ, 2011 WL 6887870 (N.D. Fla. Dec. 29, 2011) (unpublished); Andreen v. Lanier, 573 F. Supp. 2d 1, 5 (D.D.C. 2008). Thus, the court grants defendants' motion for summary judgment and denies plaintiff's motions.

In sum, the court GRANTS defendants' motion for summary judgment [D.E. 57], and DENIES plaintiff's motions [D.E. 43, 67]. Defendants can file a motion for costs in accordance with the Federal Rules of Civil Procedure and this court's local rules. The clerk shall close the case.

SO ORDERED. This 28 day of August 2017.

JAMES C. DEVER III
Chief United States District Judge